# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **TRAVIS M. POINDEXTER,** | ) |
| Plaintiff, | ) Case No. 7:17CV00386 |
| v. | ) **OPINION** |
| **JACK LEE, ET AL.,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendants. | ) |

*Travis M. Poindexter, Pro Se Plaintiff; Jim H. Guynn, Jr., and Julian F. Harf, Guynn & Waddell, P.C., Salem, Virginia, for Defendants.*

The plaintiff, Travis M. Poindexter, a Virginia inmate proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983. He contends that meal service provided to him during Ramadan 2017 by the defendants — the Middle River Regional Jail Authority ("MRRJA") and its superintendant, Jack Lee — violated his Eighth Amendment protection against cruel and unusual punishment. After review of the record, I conclude that the defendants' Motion to Dismiss must be granted.

I.

From May 27 to June 24, 2017, MRRJA officials accommodated Muslim inmates' practice of daytime fasting in celebration of Ramadan by serving their meals before sunrise and after sunset. V.S. 2, ECF No. 2. Poindexter alleges

officers sometimes placed his Ramadan meal on the "dirty floor" instead of on a nearby table and refused his request for a replacement meal. Compl. 2, ECF No. 1. Poindexter also states: "Us as Muslim doing Ramadan are suppose to have a feast at the end of the Ramadan but [MRRJA] refuse me the feast but granted me Ramadan." *Id.* Poindexter complains that sometimes his Ramadan meals were cold by the time he was able to eat them and that he lost weight. V.S. 6, ECF No. 2. As relief in this action, he seeks monetary damages for "cruel and unus[u]al punishment." Compl. 2, ECF No. 1.

The defendants, MRRJ and Lee, have filed a Motion to Dismiss, and Poindexter has responded. Thus, the motion is ripe for disposition.

II.

A district court should dismiss a complaint under Rule 12(b)(6) if, accepting all well-pleaded allegations in the Complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* at 555.[1]

---

[1] I have omitted internal quotation marks, alterations, and citations here and throughout this opinion, unless otherwise noted.

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). "[T]he Constitution does not mandate comfortable prisons," and conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981).

The Eighth Amendment requires that "inmates must be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985). On the other hand, "[t]he deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the minimal civilized measure of life's necessities." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Absent a showing of "significant physical or emotional harm," the inmate has no actionable Eighth Amendment claim. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). Thus, isolated incidents of meal service disruption do not rise to the level of a constitutional violation, where no significant injury results. *See White v. Gregory*, 1 F.3d 267, 269 (4th Cir.

1993) (no Eighth Amendment claim where inmate received only two meals per day during weekends without significant resulting injury); *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.").

Poindexter's allegations do not show that he suffered any Eighth Amendment violation. At the most, he alleges that meals were sometimes served on the floor, they sometimes became cold before he could eat them, and the final Ramadan meal he received was a normal-sized meal, not a "feast." Compl. 2, ECF No. 1. Poindexter admits that he received meals regularly throughout the month, however. His submissions do not state the amount of weight he lost or that he needed medical care as a result. Thus, he has not shown that anyone deprived him of the minimal measure of food necessary for life, and has not stated a plausible Eighth Amendment claim. Poindexter does not present a claim that the accommodations for Ramadan interfered with his constitutional right to free exercise of his Muslim dietary beliefs.

Therefore, I will grant the defendants' Motion to Dismiss.

A separate Order will be entered herewith.

DATED: July 30, 2018

/s/ James P. Jones
United States District Judge